JENNINGS *v.* WASSON, BANK COMMISSIONER.

4-4772

Opinion delivered October 25, 1937.

*Ezra Garner* and *Harry C. Steinberg,* for appellants.
*McKay & McKay,* for appellees.

BUTLER, J. Appellants, husband and wife, being indebted to Wade Kitchens in the sum of $2,256.67, executed a promissory note for that sum securing it by a deed of trust covering a certain tract of land lying partly in Columbia and partly in Union counties. Later, the note and deed of trust were assigned to the Columbia Peoples Bank as collateral security for an indebtedness due that bank by Wade Kitchens. The bank became insolvent and was taken over by the State Bank Commissioner, who, as the representative of the bank, filed suit in the Columbia chancery court seeking judgment on the note and fore-

closure on the mortgage. A summons was issued and delivered to the sheriff of Columbia county who in due time, returned the same with his indorsement of service thereon. Suit was filed November 6, 1935, the return of the sheriff was made November 8, 1935, and on June 4, 1936, the note and certified copy of the deed of trust were filed with the clerk and on that day a decree was rendered for the principal sum of the note with accrued interest. The deed of trust was foreclosed and July 25, 1936, fixed as the date of sale. On that date the bank commissioner offered the sum of $1,250, and as there was no other bid, the lands were sold to him for that price. Subsequently, a summons was issued in the case directed to the sheriff of Union county and served by him upon the appellants, as shown by the return filed September 10, 1936. On December 11, 1936, the clerk of the Columbia chancery court, who had been appointed commissioner to make the sale, filed his report of same. At this juncture, appellants appeared by their attorney and "excepted to the approval of the same, and, after said exceptions were heard by the court, the court was of the opinion that the same should be overruled and the report was approved." On the same day, the deed was made, approved by the court over the exceptions of appellants, who prayed, and were granted, an appeal to this court.

The appellants contend that the decree was void because of lack of proper service, and, therefore, that all of the subsequent proceedings were of no force and effect. From an examination of the record, it appears that no appeal has ever been taken from the rendition of the decree of June 4, 1936. Therefore, the only matter presented for our review is the correctness of the trial court's order approving the sale. We are not advised as to the nature of the exceptions made by appellants to the approval of the report of sale; they are not disclosed by the abstract filed with us by the appellants, nor are they set out in the transcript. We surmise that these exceptions were based upon the contention that the decree of June 4, 1936, was void. That decree, however, contains the necessary recitals to give the court jurisdiction over the person of appellants and the subject-matter

of the suit, and the mere fact that another summons was issued by the clerk, directed to the sheriff of Union county and by him served upon the appellants in Union county, is not sufficient to overturn the recitals of the decree and the return of the sheriff of Columbia county, even though these matters are presented by the record for our consideration. It follows that the decree of the trial court is affirmed.